UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN DUANE LEWIN,

    Petitioner,

vs.

BLAINE C. LAFLER,

    Respondent.

_____/

Civil Action No.
04-CV-70598-DT

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the court on a petition for a writ of habeas corpus. Respondent opposes issuance of the writ. The court referred the matter to Magistrate Judge Virginia Morgan who recommends that the petition be denied. Petitioner objects to the report and recommendation. The court reviews *de novo* those portions of the magistrate judge's report and recommendation to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner was convicted of murder, felony firearm, and possession of a firearm during the commission of a felony. He was sentenced to a life term. The Michigan Court of Appeals affirmed petitioner's conviction and sentence, and the Michigan Supreme Court denied his delayed application for leave to appeal from the Court of Appeals' decision.

The facts of the case are sufficiently summarized in the magistrate judge's report and recommendation. In short, petitioner was convicted of shooting and killing his former supervisor, Lisa Stambaugh, at a Speedway gas station in Royal Oak, Michigan, after she fired him. Petitioner raises four grounds for relief: (1) the trial court erred in allowing the prosecutor to present evidence

of prior bad acts; (2) petitioner's trial counsel was ineffective because he failed to seek funds to retain an psychological expert; (3) petitioner's appellate counsel was ineffective because he failed to raise meritorious grounds in the appeal, and therefore petitioner's procedural default should be excused; and (4) petitioner's appellate counsel was ineffective because he failed to raise two reversible errors.

As the magistrate judge correctly analyzed each of petitioner's grounds for relief, the court shall accept and adopt the report and recommendation and deny the petition. Petitioner's first grounds for relief fails because no error has been shown. At trial the prosecutor introduced evidence to the effect that petitioner was fired from his job at the gas station because of shortages in his cash drawer. Petitioner did not object at the time, but argued on appeal that this "prior bad acts" evidence was unduly prejudicial. As no contemporaneous objection was made, the Michigan Court of Appeals reviewed the matter for plain error and, finding none, rejected this as a grounds for reversal. That court noted, correctly, that introduction of the evidence was not improper because it was offered to show petitioner's motive for the crime and this evidence was not more prejudicial than probative. Even if the claim had not been procedurally defaulted due to the absence of a contemporaneous objection, no relief in this court would be available on the merits because the alleged error was not "so unduly prejudicial that it render[ed] the trial fundamentally unfair." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). *See also Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (noting that a state court's evidentiary rulings are "usually not to be questioned in a federal habeas corpus proceeding").

The second asserted grounds for relief is that petitioner's trial counsel should have applied to the trial court for funds to retain a psychological expert, as such an expert may have

supplied evidence of petitioner's diminished capacity or insanity. The magistrate judge has correctly

analyzed this issue. In short, the claim fails because petitioner has not shown that his trial counsel's

performance was deficient, as required by *Strickland v. Washington*, 466 U.S. 668, 688 (1984) ("the

defendant must show that counsel's representation fell below an objective standard of

reasonableness"). In making this assessment,

> [j]udicial scrutiny of counsel's performance must be highly
> deferential. . . . Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that counsel's
> conduct falls within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the presumption that,
> under the circumstances, the challenged action "might be considered
> sound trial strategy." There are countless ways to provide effective
> assistance in any given case. Even the best criminal defense
> attorneys would not defend a particular client in the same way.

*Id.* at 689. *See also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) ("the threshold issue

is not whether [defendant's] attorney was inadequate; rather, it is whether he was so manifestly

ineffective that defeat was snatched from the hands of probable victory").

Under this standard of performance, petitioner's trial attorney was not required to

seek funds for a psychological or psychiatric expert. Within the bounds of professional judgment,

a trial attorney has broad discretion to decide which evidence to offer, including which lay and

expert witnesses to present. In the present case, the facts noted by petitioner do not suffice to require

counsel "to seek an independent evaluation of Mr. Lewin to investigate whether he could raise the

defense of insanity." Petition at 29. Petitioner points to that fact that he had made incriminating

statements to third parties; that he made inconsistent statements to the police (confessing to, denying

involvement in, and not remembering the crime); that in one statement he indicated he had

"dreamed" details of the crime; and that, as a child, petitioner attended special education classes for

3

emotional or learning disabilities. *See* Objections at 6-8. These facts would not compel a reasonably competent attorney to seek funds to retain an expert for a mental competency examination. It is singularly unconvincing for petitioner – who does not claim to have had diminished mental capacity at any time before, during or after the crime or trial – to suggest that trial counsel was obligated to investigate petitioner's mental state because no other strategy had any hope of succeeding, given the "substantial circumstantial and direct evidence and statements by Mr. Lewin that implicated him in the crime." Objections at 6. A trial attorney is not required to pursue a strategy that is not warranted by the facts and circumstances of the case.

Petitioner's third and fourth grounds for relief raise alleged errors committed by appellate counsel. The magistrate judge has correctly analyzed these issues as well. To the extent petitioner's claims were not procedurally defaulted, they fail on the merits. The argument regarding alleged juror bias is borderline frivolous. The mother of one of the jurors committed suicide 15 years before the trial. The juror indicated that it was difficult for her to listen to the testimony regarding the crime in this case. After taking a recess and questioning the juror, the trial judge indicated he was satisfied the juror could sit. The mere fact that this juror found the testimony difficult to hear does not show any unfairness in the trial, to say nothing of "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993), *quoting Kotteakos v. United States*, 328 U.S. 750, 776 (1946).

Petitioner's challenge to the voluntariness of his confessions is equally weak. Petitioner confessed to the crime to two different police officers and these confessions were introduced as evidence. At trial petitioner testified to the contrary, and he told the jury he had confessed because he was "stressed out." Petition at 45. Trial counsel did not seek to have the

confessions suppressed. Given the complete lack of any indication, anywhere in the record, to suggest that the confessions were coerced or involuntary even in the slightest, there is no basis for faulting appellate counsel for failing to raise this is an issue. Under *Strickland*, an attorney is required to act reasonably under the circumstances of the case. He is not required to raise issues which have no factual basis, such as the theoretical involuntariness of petitioner's confessions in this case. Accordingly,

IT IS ORDERED that petitioner's objections to the magistrate judge's report and recommendation are overruled.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that this petition is denied.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: February 2, 2007
       Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
   Secretary to Chief Judge Friedman**

5